OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the defendants, Thomas Curtin and Mrs. Thomas Curtin, "to dismiss the causes of action in both the said above-captioned actions herein on the grounds that the Court herein does not have jurisdiction of the subject matter and, further, that the causes of action set forth in their complaints cannot be maintained because of collateral estoppel and res judicata” is denied.
This is an action in which the allegations in the respective complaints charge various acts of fraud, embezzlement and misappropriation of money.
An earlier action involving some of the wrongdoing alleged herein was commenced in the United States District Court, Eastern District, having the caption Saul R. Fenchel, Michael Miness and Barry Shapiro, Plaintiffs, v. Thomas Curtin, Individually and as General Partner of Northgate Gardens Limited Partnership, Defendant (index No. CV 87-1699).
Before service of an answer in that case the parties entered into a settlement agreement, and the plaintiffs therein filed a "notice of voluntary dismissal pursuant to FRCP 41 (a) (1) (i)”. United States District Judge Edward R. Korman thereupon issued an order of discontinuance dated June 24, 1987 which stated:
"It having been reported to the Court that the above action has been settled, it is
"Ordered that the action is hereby discontinued, without prejudice to the right to reopen the action if the settlement is not consummated.”
The current motion to dismiss is predicated on the defendants’, Thomas Curtin and Mrs. Thomas Curtin, assertion that because of the prior commencement of the United States District Court action the current action cannot be maintained against them in this court (it being contended that the action against the defendant, Mrs. Thomas Curtin, is derivative of the action against the defendant, Thomas Curtin).
The court does not agree.
*962 The governing provision, in this court’s view, is rule 41 (a) (1) (i) of the Federal Rules of Civil Procedure referred to in the above-mentioned notice of voluntary dismissal. That rule, in part, provides:
"(a) Voluntary Dismissal: Effect Thereof.
"(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23 (e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs * * *. Unless otherwise stated in the notice of dismissal * * * the dismissal is without prejudice”.
“A voluntary dismissal without prejudice leaves the situation as if the action had never been filed.” (9 Wright and Miller, Federal Practice and Procedure § 2367.) “The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought. * * * 'It carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiff’s claim.’ * * * Neither res judicata nor collateral estoppel is traditionally applicable to a voluntary dismissal” (In re Piper Aircraft Distrib. Sys. Antitrust Litig., 551 F2d 213, 219 [8th Cir]).
This provision of the Federal Rules of Civil Procedure parallels, in many respects, CPLR 3217 (c). Of the New York provision it has been stated: "When an action is discontinued, it is as if the action had never been; all prior orders in the case are nullified. Once an action has been discontinued, there can be no judgment or appeal, and no objection to another action for the same relief on the ground that a prior action is pending.” (7A Carmody-Wait 2d, NY Prac § 47:42.) Further, with respect to the New York rule it is stated that “[ojnce an action has been discontinued by consent or stipulation, it is [as though] the action never existed; therefore, the court in which the action was brought has no jurisdiction to entertain a motion for enforcement of a stipulation of settlement, and the plaintiff’s only remedy is by plenary action.” (7A CarmodyWait 2d, NY Prac § 47:51.)
Accordingly, while the United States District Court, by its June 24, 1987 order, indicated that the discontinuance of the action therein was “without prejudice to the right to reopen” *963 that action in that court, this court can find no basis to support a conclusion that the intent or effect of that order was to preclude any plenary action which the plaintiffs therein might later commence in either that United States District Court or any other court. That order was, instead, intended to permit the plaintiffs therein to "reopen” the then pending action if "the settlement [was] not consummated.” It provided the plaintiffs therein with an opportunity to vacate their notice of voluntary dismissal, if warranted, allowing the pending action to continue without requiring commencement of a new action.
That order, therefore, was not a restriction of rule 41 (a) (1) (i) of the Federal Rules of Civil Procedure intended to prevent the plaintiffs herein from commencing a new plenary action as would otherwise be their right (or burden as the circumstances might dictate) under the Federal Rules of Civil Procedure. Rather than a restriction on the subsequent rights of those plaintiffs as the defendants, Thomas Curtin and Mrs. Thomas Curtin, would have this court conclude, that order was an expansion of the plaintiffs’ rights providing an additional avenue to the plaintiffs to get the dispute before a court if events were to prove that necessary. Certainly, this construction of the United States District Court’s order is consistent with the principle that the court may not attach terms and conditions to a plaintiff’s right to file a notice of voluntary discontinuance pursuant to Federal Rules of Civil Procedure, rule 41 (a) (1) (i). (5 Moore, Federal Practice |f 41.02 [4], [5].)
The motion to dismiss, therefore, is denied.